## Hilovsky Liquor License Case.

Argued October 1, 1954. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*David R. Levin,* for appellants.

*Carmen V. Marinaro* and *John Murrin,* for appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, November 8, 1954:

The question here presented concerns the validity of a township zoning ordinance and its application by the Board of Adjustment to the request for a transfer of a restaurant business with a liquor license from one location in the township to another.

An ordinance of Butler Township in Butler County provides that in a certain district or zone of the township classified as "commercial" the land and buildings may be used for any purpose with certain exceptions therein enumerated. Restaurants are not excluded but among the prohibited uses is "Liquor or spirits; brewing or distillation." A further provision is that "The Board of Adjustment may, by special allowance, permit the establishment, operation and relocation of taverns, hotels or restaurants, licensed to sell intoxicating liquor in addition to those in operation on the passage of this Ordinance."

Steve and Stella Hilovsky, operating a restaurant with liquor license in an industrial district of the township, desired to transfer their business to the district classified as "commercial." The Board of Adjustment rejected their application, and, on appeal to the Court of Common Pleas of Butler County, its action

was sustained, resulting in the present appeal to this court.

Admittedly, any restaurant which had never obtained a liquor license, or any restaurant which, having obtained one, was willing to surrender it, was automatically entitled under the ordinance to locate in the district in question. What the ordinance provided, however, was that, if an applicant wished to bring his restaurant business into the district while retaining his liquor license, the Board of Adjustment could, in the exercise of a discretion as to which the ordinance prescribed no governing rules or standards, permit or refuse the application as it saw fit. The question therefore arises: Can an ordinance properly provide, or a Board of Adjustment acting under it order, that a hotel or a restaurant which otherwise would be a permissible use within the zone should be allowed to enter only on condition that it would not exercise the privilege of selling liquor which had been granted to it by the State?

A clear answer to this question was given in *Sawdey Liquor License Case,* 369 Pa. 19, 85 A. 2d 28, and we cannot do better than quote the language of Mr. Justice LADNER who wrote the opinion in that case. After stating the question as being, in effect, whether a municipality may, in the guise of a zoning ordinance, restrict in an area where business is permitted a part of that business, he said (pp. 25, 26, A. pp. 31, 32) : "Conceding that a zoning ordinance may properly exclude hotels and taverns, like any other business, entirely from a residential area, . . . an entirely different question is presented when it is attempted to regulate the details of a hotel business which it permits in the zone where state legislation has filled the entire field of liquor regulation. We think that such regulation is improper. . . An ordinance, for example, if it permitted

a butcher shop to be located in an area but prohibited its sale of pork, or a drugstore but prohibited its sale of candy, or a grocery store but prohibited its sale of bread, would surely be regarded as unreasonable legislation on details of a business not a matter of public concern. If it may prohibit a hotel from dispensing liquor, it can well forbid it selling meals, or cigars or candy, or newspapers. Zoning ordinances may not be used for such purposes. If it be argued that dispensing of liquor has a reasonable relation to police power, the answer is that even so municipalities may not invade the field of regulation which the State legislature has completely filled by its comprehensive liquor control act, an act that provides ample means to all communities to obtain prohibition at their option by vote of the people thereof: . . . . A municipality may not in the guise of a zoning ordinance regulate the business of dispensing liquor."

Once it be conceded that a municipality by a zoning ordinance could prohibit any hotel or restaurant from selling liquor within any or all of a number of designated districts it is conceivable that the local authorities could thereby effectively establish prohibition within the borders of the municipality without a vote of the electors on the question of local option as provided in Section 472 of the Liquor Code. As pointed out in the *Sawdey* case, that Code (Act of April 12, 1951, P. L. 90) constitutes a comprehensive enactment designed for the complete control and regulation by the State of the dispensing of alcoholic beverages. It states (Section 104(c)) as its purpose the prohibition of transactions in liquor except by and under the control of the Pennsylvania Liquor Control Board as therein specifically provided, and that the provisions of the act were intended to provide the means by which such control should be made effective. It gives the Board

(Section 207(b)) the power to control the sale, use, storage and delivery of liquor in accordance with the provisions of the act. It provides (Section 403(g)) for the transfer of licenses to other premises and for the proceedings to effect such transfers, and (Section 404) empowers the Board in its discretion to grant or refuse a transfer if the place proposed were within 300 feet of a church, school or hospital. In short, the dispensing of liquor is a matter that has been wholly taken over by the State, and local regulations by way of zoning restrictions cannot interfere with its supreme authority in that field. While a local ordinance barring restaurants entirely from any given district might be permissible, if allowed within the zone they must be received there, so to speak, *cum onere,* that is to say, with the rights, powers and license privileges granted to them by the Commonwealth.

In *Dooling's Windy Hill, Inc. v. Springfield Township Zoning Board of Adjustment,* 371 Pa. 290, 89 A. 2d 505, the *Sawdey Liquor License Case* was referred to with approval, it being said (p. 296, A. p. 507): "Indeed, the objection to a variance in this case because of alleged disservice to the public interest was for the most part based on the ground that, if the premises were used as a hotel, liquor would be sold there for which the appellant already holds a license from the Pennsylvania Liquor Control Board. Such reason has no relevancy whatsoever on a question of compliance with the requirements of zoning regulations: Sawdey Liquor License Case, 369 Pa. 19, 25-26, 85 A. 2d 28."

In *Bussone v. Blatchford,* 164 Pa. Superior Ct. 545, 67 A. 2d 587, it was held that, where the owner of a restaurant located within a restricted business district had been granted a license by the Pennsylvania Liquor Control Board, a borough ordinance was invalid which

prohibited his sale of malt or brewed beverages for consumption on the premises. The court said (pp. 546, 547, A.p. 588): "It is inconceivable that the State would require a licensee to set up an establishment where meals would be provided and malt or brewed beverages served with the meals, only to have the municipality, under the guise of its general police powers, deny the licensee the valuable privilege granted to him by the State. No other conclusion is possible than that the State, acting within its police powers, has seen fit to preempt this field."

In *Munhall Borough Council Appeal*, 175 Pa. Superior Ct. 320, 104 A. 2d 343, it was said (pp. 327, 328, A.p. 346): "Assuming for the moment, however, that the Borough is correct in stating that its zoning ordinance 'specifically and clearly' prohibits the sale of intoxicating liquor in any but the Industrial District, in view of the fact that restaurants are permitted in an area where the sale of liquor is prohibited, we think that Sawdey Liquor License Case, 369 Pa. 19, 85 A. 2d 28, would require us to hold the prohibition invalid." And the court properly added (p. 329, A.p. 347): "The Supreme Court was, of course, considering a case in which a hotel proposed to sell intoxicating liquor against an express prohibition of a zoning law, and its discussion was naturally limited to hotels. A careful reading of the opinion, however, reveals that the principles enunciated are broad enough to include an attempt to prohibit the sale of liquor by a restaurant in a commercial use district." See also *Reed v. Borough of North Wales*, 83 D. & C. 69.

We conclude therefore, that, since restaurants are permitted by the ordinance in the district to which appellants wish to remove their business, they are entitled to locate there as a matter of right so far as the zoning ordinance is concerned, and without sur-

124

rendering the privilege of selling liquor under the license granted them by the Liquor Control Board, provided that that Board approves the transfer of the license. In the light of that conclusion it is not necessary to consider the further question whether the provision of the ordinance granting to the Board of Adjustment the power "by special allowance" to permit the operation of hotels or restaurants licensed to sell intoxicating liquor within the district here involved, is invalid in any event as providing for an "exception" without specifying any rules or standards to govern its exercise. In that regard, however, reference may be made to *Taylor v. Moore,* 303 Pa. 469, 478, 479, 154 A. 799, 802; *Devereux Foundation, Inc., Zoning Case,* 351 Pa. 478, 483, 41 A. 2d 744, 746; *Dooling's Windy Hill, Inc., v. Springfield Township Zoning Board of Adjustment,* 371, Pa. 290, 294, 89 A. 2d 505, 507.

The order sustaining the action of the Board of Adjustment is reversed. Costs to be paid by appellants.