571 A.2d 541

**James A. ELLIS, Jr.**

v.

**The ZONING HEARING BOARD OF NORTH CORNWALL TOWNSHIP.**

**Appeal of NORTH CORNWALL TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued Nov. 14, 1989.

Decided March 8, 1990.

Paul W. Kilgore, Spitler and Kilgore, for appellant.

Thomas P. Harlan, Henry, Beaver, Wolf, Harlan, Parker & Whitmoyer, for appellee.

Before CRUMLISH, Jr., President Judge, COLINS, J., and BARBIERI, Senior Judge.

## OPINION

CRUMLISH, Jr., President Judge.

North Cornwall Township appeals a Lebanon County Common Pleas Court order which reversed the Zoning Board and granted James Ellis a building permit to construct a beer distributorship building. We affirm.

Ellis was granted a wholesale and retail beer distributorship license by the Pennsylvania Liquor Control Board. The Zoning Board denied Ellis' application for a permit to construct the proposed building because the site is located in a manufacturing district where only wholesaling and accessory uses are permitted. On de novo review, the common pleas court reversed, concluding that inasmuch as a "typical beer distributorship includes the concept of both wholesale and retail operations," retail sales necessarily constitutes a permitted use.[1] The common pleas court further concluded that because retailing qualified as a permitted use, the Pennsylvania Liquor Code[2] preempts the Township's authority to restrict retail beer sales. *Petition of Hilovsky*, 379 Pa. 118, 108 A.2d 705 (1954).

■ The Township argues that the trial court erred in concluding that the concept of a beer distributorship in-

1. Opinion, 2/1/89, p. 4, Record Item No. 11.
2. Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§ 1–101—8–803.

cludes off-premises retail sales and, therefore, it should have decided whether retail beer sales could be considered an accessory use to beer wholesaling. The Township further contends that, because Ellis' testimony failed to support an accessory use determination, the common pleas order must be reversed.[3]

█ The question of whether an individual's proposed use of his property falls within a zoning ordinance's specified category is a question of law. *Ethken Corp. Appeal*, 89 Pa.Commonwealth Ct. 612, 493 A.2d 787 (1985). Here, the North Cornwall Zoning Ordinance No. 108 (ordinance) allows wholesaling as one of the permitted uses in its manufacturing district.[4] Noticeably absent from this designation is the term "retailing." Although the ordinance does not provide a definition of these two terms, this Court has consistently ruled that undefined terms of a zoning ordinance must be given their plain ordinary meaning where the language is free and clear from all ambiguity. *Appeal of Mt. Laurel Racing Association*, 73 Pa.Commonwealth Ct. 531, 458 A.2d 1043 (1983). Because retailing and wholesaling are not synonymous, we cannot say that retailing is necessarily a permitted use under the ordinance unless it is customary and incidental to the wholesaling use.

Our analysis does not end here. A review of the record discloses that Ellis specifically asked the Zoning Board and trial court to determine whether the proposed retail opera-

---

3. Where the trial court conducts a de novo hearing, our scope of review is whether the trial court committed an error of law or an abuse of discretion. *Board of Supervisors of Upper Merion Township v. Wawa, Inc.,* 95 Pa.Commonwealth Ct. 263, 505 A.2d 645 (1986).

4. Article 12, Section 12.2 of the North Cornwall Zoning Ordinance No. 108 reads in part:

SECTION 12.2   PERMITTED USES

....

B. Warehousing and wholesaling establishments and storage yards not including junk yards.

....

D. Customary accessory uses and buildings incidental to any of the above permitted uses.

tion was accessory to wholesale beer distribution.[5] The trial court, however, found it unnecessary to address the accessory use issue.[6]

In the present case, Ellis' uncontroverted testimony discloses that retail beer sales are customarily incidental to wholesale distributorships both in Lebanon County and throughout the state.[7] Moreover, Ellis' testimony before the Zoning Board and trial court further discloses that retail beer sales are "necessary" to wholesale operations.[8] Thus, the trial court's holding that a typical beer distributorship "includes the concept of both wholesale and retail operations" is tantamount to the legal conclusion that Ellis' proposed retail use, as he described it, is a use accessory to his permitted wholesaling operations.

Accordingly, the common pleas court order granting the building permit is affirmed.[9]

COLINS, J., concurs in the result only.

## ORDER

The Lebanon County Common Pleas Court order, No. 88–01152, dated February 1, 1989, is affirmed.

---

5. Notes of Testimony of Thomas Harlan (N.T., Harlan), 7/20/88, p. 2, Record Item No. 5; N.T., Harlan, 11/29/88, p. 1, Record Item No. 16.

6. Article I of the ordinance defines "Accessory Use" as "[a] use customarily incidental and subordinate to the principle use or building and located on the same lot with such principle use or building."

7. N.T., Ellis, 11/29/88, pp. 8, 11, Record Item No. 16; N.T., Ellis, 7/20/88, p. 2, Record Item No. 5. This testimony before the trial court establishes that Ellis was an active member for over fifteen years in the state malt beverage association.

8. N.T., Ellis, 11/29/88, pp. 8, 10, 11; N.T., Ellis, 7/20/88, p. 11. Ellis further testified that retailing at one Lebanon County distributorship comprises no more than thirty-five percent of the total business. He testified that beer wholesalers also sold retail primarily to take advantage of this economic privilege inherent in their state liquor license.

9. Our disposition here makes it unnecessary to address the preemption issue.