624 A.2d 674

PENNRIDGE DEVELOPMENT ENTERPRISES,
INC. and Pennridge Airport, Inc.

v.

Gary W. VOLOVNIK, Chairman, John R. Cressman, and Roger
E. Arnold, Supervisors of East Rockhill Township and The
Township of East Rockhill.

Appeal of The TOWNSHIP OF EAST ROCKHILL, Appellant.

Commonwealth Court of Pennsylvania.

Argued Feb. 5, 1993.

Decided April 7, 1993.

John B. Rice, for appellant.

Burton Spear, for appellees.

Before DOYLE and COLINS, JJ., and WRIGHT, Senior Judge.

COLINS, Judge.

Gary W. Volovnik, John R. Cressman, and Roger E. Arnold, the Supervisors of East Rockhill Township (collectively referred to as the Supervisors), and East Rockhill Township (Township) appeal an order of the Court of Common Pleas of Bucks County (trial court) which reversed a decision of the Supervisors denying approval of a land development plan submitted by Pennridge Development Enterprises, Inc. and Pennridge Airport (collectively referred to as Pennridge).

In 1966, Pennridge constructed an airport in the Township, and the airport has been in continuous use since that date. When the airport was built, the Township did not have a zoning ordinance. In 1970, however, the Township enacted a zoning ordinance. Under that ordinance, the airport was a

nonconforming use. In 1987, the Township enacted a second zoning ordinance. Under the 1987 zoning ordinance, while some of Pennridge's airport property remained located in districts where airports were a nonconforming use, a portion of the airport property was located in a district that was reclassified to permit airports as a conditional use.

On February 7, 1989, Pennridge filed an application with the Supervisors for approval of a preliminary land development plan (plan) for the construction of seven aircraft hangars. The plan proposed to build the hangars on that portion of the airport property that was rezoned by the 1987 ordinance to permit airports as a conditional use. On June 20, 1989, the Supervisors denied Pennridge's plan on the ground that it failed to file a conditional use application as required by the Township's 1987 zoning ordinance. Thereafter, Pennridge appealed the Supervisors' decision to the trial court. The trial court received additional evidence and decided the case *de novo*. At the hearing, the parties stipulated that the only issue before the trial court was the zoning status of the property involved in the plan after the enactment of the 1987 zoning ordinance. In other words, the issue was whether that property remained a nonconforming use or whether that property was converted to a permitted use by the 1987 ordinance. The trial court reversed the Supervisors' decision on the ground that, because all of Pennridge's airport property was originally a non-conforming use and the use was never abandoned, the property at issue in the plan remained a nonconforming use regardless of the fact that it was rezoned in 1987 to permit airports as a conditional use. This appeal followed.

The Supervisors and the Township raise one issue: whether the trial court erred in holding that the property is a prior nonconforming use, when the 1987 zoning ordinance reclassified that property to permit airports as a conditional use.

■ Our scope of review in a zoning case where the trial court received additional evidence is whether the trial court abused its discretion or committed an error of law. *Estate of Barbagallo v. Zoning Hearing Board*, 133 Pa.Commonwealth Ct. 38, 574 A.2d 1171 (1990).

■ A nonconforming use is defined as a use "which does not comply with present zoning provisions but which existed lawfully and was created in good faith prior to the enactment of the zoning provision." *Miller Appeal*, 85 Pa.Commonwealth Ct. 407, 410, 482 A.2d 688, 691 (1984), *reversed on other grounds*, 511 Pa. 631, 515 A.2d 904 (1986). A lawful nonconforming use is a vested property right which cannot be abrogated or destroyed unless it is a nuisance, or it is abandoned by the owner, or it is extinguished by eminent domain. *PA Northwestern Distributors v. Zoning Hearing Board*, 526 Pa. 186, 584 A.2d 1372 (1991). The above rule protects a property owner with a valid nonconforming use from being compelled by a municipality to eliminate the use, without the municipality paying the property owner just compensation. *Id.*

■ In the present case, while Pennridge had a valid nonconforming use under the 1970 ordinance giving it the right to use the property included in the plan as an airport, the Township rezoned that property in 1987 to allow airports as a conditional use. A conditional use is a permitted use. *A.R.E. Lehigh Valley v. Zoning Hearing Board*, 139 Pa.Commonwealth Ct. 361, 590 A.2d 842 (1991). "[T]he existence of a conditional use provision in an ordinance indicates legislative acceptance that the use is consistent with the zoning plan, and should be denied only when the adverse impact upon the public interest exceeds that which might be expected in normal circumstances." *Brentwood Borough v. Cooper*, 60 Pa.Commonwealth Ct. 462, 466, 431 A.2d 1177, 1179 (1981).

The Supervisors and the Township argue that the trial court erred in holding that Pennridge retained a nonconforming use on the airport property involved in the plan, because when that property was reclassified to permit airports as a conditional use by the 1987 zoning ordinance, Pennridge's nonconforming use became a conforming use. Neither of the parties has cited any controlling case law involving the precise issue in this case,[1] and we have not discovered a case directly on point.

1. The Supervisors and the Township argue that *A.R.E. Lehigh Valley* controls the outcome of this case. In that case, a motel owner was

■ Generally, a use is nonconforming when, among other things, it does not comply with present zoning regulations. *Miller.* Here, while Pennridge's airport did not comply with the Township's 1970 zoning ordinance, the portion of Pennridge's airport at issue in the plan is now in compliance with the present zoning provisions of the Township. In our view, it would be illogical to conclude that Pennridge retains a nonconforming use to operate an airport, when Pennridge is permitted to operate an airport on its land under the Township's 1987 zoning ordinance. Hence, we conclude that Pennridge's nonconforming use was converted by the Township's 1987 zoning ordinance into a permitted use.[2] Therefore, we hold that the trial court erred in determining that Pennridge retained a nonconforming use to operate an airport on the land at issue.

Pennridge argues that the Township, by rezoning its property to a permitted use, has compelled it to surrender a vested, constitutional right to maintain a nonconforming use. Pennridge cites *PA Northwestern Distributors* in support of its argument. In that case, a municipality passed an amendment to its zoning ordinance forcing owners of "adult commer-

seeking a variance to expand a motel that was constructed before the municipality enacted a zoning ordinance. On appeal to this Court, the motel owner argued, *inter alia,* that she deserved a variance on the theory of the expansion of nonconforming uses. This Court rejected that argument, because when the zoning ordinance was enacted, the motel was located in a district which permitted motels as a conditional use; hence, the motel was never a nonconforming use. Therefore, we hold that *A.R.E. Lehigh Valley* is not controlling.

2. The issue of whether a nonconforming use can be converted into a conforming use by rezoning has been decided in other jurisdictions in the context of challenges to the validity of zoning amendments. For example, in *Goddard v. Stowers,* 272 S.W.2d 400 (Tex.Civ.App.1954), a Texas intermediate appellate court upheld an amendment to a zoning ordinance which reclassified as commercial uses a grocery store and a gasoline station that were operating as nonconforming uses in residential district; the court concluded that the nonconforming uses were converted to conforming uses by the amendment to the zoning ordinance. Also, in *Allin v. Zoning Commission of the Town of Washington,* 150 Conn. 129, 186 A.2d 802 (1962), the Supreme Court of Errors of Connecticut held that the creation of a business district out of a residential district converted prior nonconforming business uses to conforming uses. *See generally* Robert M. Anderson, American Law of Zoning 2d § 5.16 (1976).

cial enterprises," who had valid preexisting nonconforming uses, to amortize and discontinue their non-conforming use within 90 days after the amendment became effective. Our Supreme Court held that that the amendment was invalid on the ground that a zoning ordinance which requires the amortization and elimination of nonconforming uses confiscates private property without just compensation and is, therefore, unconstitutional. The instant case, however, presents a situation totally unlike the one in *PA Northwestern Distributors*. Instead of attempting to destroy or abrogate Pennridge's nonconforming use, the Township's 1987 zoning ordinance legitimized Pennridge's right to operate an airport on the property in question. The Township's ordinance did not, in any way, limit Pennridge's right to continue to use its property as an airport. *See Warner Company v. Zoning Hearing Board*, 148 Pa.Commonwealth Ct. 609, 612 A.2d 578 (1992) (township's reclassification of land to permit quarrying by special exception did not limit the right of the property owner, who originally had a nonconforming use to run a quarry, to continue quarrying operations). Further, since a nonconforming use is not entitled to greater rights that those afforded a conforming use, Pennridge cannot be disadvantaged by having its nonconforming use converted to a permitted use. *Id.* Therefore, we conclude that Pennridge's constitutional rights were not violated when the Township converted its nonconforming use into a permitted use.

Further, Pennridge claims that changing the status of its property from a nonconforming use to a conditional use will allow the Township to subject it to numerous burdensome restrictions and conditions. While Section 603(c)(2) of the Pennsylvania Municipalities Planning Code [3] explicitly grants municipalities the power to attach reasonable conditions and safeguards to conditional uses, all property in Pennsylvania is held subject to reasonable regulation by the government. *PA Northwestern Distributors*. And, under the police power, a municipality has the authority to place reasonable restrictions on the use of property. *Miller & Son Paving, Inc. v. Wrights-*

3. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10603(c)(2).

*town,* 499 Pa. 80, 451 A.2d 1002 (1982). Even if Pennridge retained a nonconforming use on the property in question, the use would not be free of reasonable restriction by the Township, since it is the policy of the law to closely restrict nonconforming uses. *Collis v. Zoning Hearing Board of East Allen Township,* 51 Pa.Commonwealth Ct. 368, 415 A.2d 102 (1980). Also, a municipality may place reasonable restrictions on the natural expansion of a nonconforming use. *Jenkintown Towing Service v. Zoning Hearing Board,* 67 Pa.Commonwealth Ct. 183, 446 A.2d 716 (1982). Hence, Pennridge's property, regardless of whether it is classified as a conditional use or nonconforming use, is subject to reasonable regulation by the Township.

Pennridge did not explain in its brief why its airport property would be subject to more regulation as a conditional use that it would as a nonconforming use. Moreover, Pennridge did not specifically describe in its brief any restrictions that the Supervisors and the Township intend to place on its property. In the absence of any discussion concerning specific restrictions and an explanation of why those restrictions are unreasonable, this argument must fail.

Accordingly, the order of the trial court is reversed.[4]

### ORDER

AND NOW, this 7th day of April, 1993, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is reversed.

---

4. Our holding in this case concerns only that portion of Pennridge's airport that was reclassified by the 1987 zoning ordinance to permit airports as a conditional use. This decision does not, in any way, affect Pennridge's right to a nonconforming use on the remainder of its airport.