Thomas E. **WORTH** and Mariadda Worth, his wife, William S. Faust, Jr. and Donna G. Faust, his wife, Mark J. Watson and Kelly J. Watson, his wife, Billy Slykhuis and Jean Slykhuis, his wife, James McKernan and Shelly McKernan, his wife, Eugene Breisch and Barbara Breisch, his wife, Alan J. Worth and Barbara J. Worth, his wife, Robert Shafer and Phyllis Shafer, his wife, Appellants,

v.

Burton S. **SMEAL**, Larry D. Grove and Richard B. Grove, Supervisors of Woodward Township, and Dale Robinson, Zoning Officer of Woodward Township, Louis P. Liberti, Zoning Officer, and Vernon Pettengill and Sandra Pettengill, his wife.

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1997.

Decided Oct. 28, 1997.

---

Scott A. Williams, Williamsport, for appellants.

Martin Flayhart, Jersey Shore, for appellees.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue on appeal is whether the expansion of a mobile home park, which was a legal, non-conforming use when its expansion was proposed in 1990 but which has not yet expanded, may proceed under the provisions of a 1976 zoning ordinance (which was in effect when expansion was proposed in 1990) or whether the park must comply with the requirements of the new, more stringent 1993 zoning ordinance before it may expand.

■ Appellants, homeowners (Homeowners) on property bordering the Hidden Valley Mobile Home Park (Park), owned by Vernon Pettengill, appeal from an order of the Court of Common Pleas of Lycoming County which denied Homeowners' petition for a writ of mandamus directing the supervisors and zoning officers of Woodward Township (Township) to require Pettengill to comply with the 1993 zoning ordinance (1993 Ordinance) before expanding his Park. Because Pettengill's expansion of the Park may properly proceed in accordance with the earlier 1976 zoning ordinance (1976 Ordinance), we affirm the trial court's denial of a petition for a writ of mandamus.[1]

■ The relevant facts are as follows. In 1987, Pettengill purchased the Park, which was a legal, non-conforming use located in a district zoned for agriculture under the 1976 Ordinance.[2] The 1976 Ordinance also stated that "[a]ny increase in volume or area of the non-conforming use shall not exceed ... 100%...."

On August 15, 1990, the Township determined that Pettengill had the right under the 1976 Ordinance to expand the Park by up to 100% from 4.31 acres to 8.62 acres. On May 13, 1993, Pettengill was granted final approval by the Township for this proposed "Phase I" expansion to 8.62 acres.[3]

On July 1, 1993, the Township enacted the 1993 Ordinance, under which Pettengill's Park is no longer considered a legal, non-

---

1. This Court's scope of review of a grant or denial of mandamus is limited to determining whether the trial court abused its discretion or committed legal error. *Board of Commissioners of South Whitehall Township v. Toll Brothers, Inc.*, 147 Pa.Cmwlth. 298, 607 A.2d 824 (1992), *appeal denied*, 533 Pa. 621, 619 A.2d 702 (1993).

2. A "legal, non-conforming use" is an activity or structure predating a relevant zoning restriction, the benefit of which is available only for the lawful use which existed on the land when the zoning ordinance took effect. The burden is upon the party proposing the existence of a nonconforming use to prove both its existence and its legality before the enactment of the zoning restriction. *Lantos v. Zoning Hearing Board of Haverford Township*, 153 Pa.Cmwlth. 591, 621 A.2d 1208 (1993).

3. Homeowners' argue that the proposed expansion is actually an expansion to 13.65 acres, not 8.62 acres. However, any further expansion of the Park, to 13.65 acres, would be part of a "Phase II" expansion. All parties, including Pettengill, agree that any expansion beyond "Phase I" (i.e., "Phase II") would have to proceed in accordance with the more stringent 1993 Ordinance.

conforming use with an automatic right to 100% expansion in accordance with the 1976 Ordinance but rather a conditional use. Under the 1993 Ordinance, expansion of the Park by Pettengill would be more difficult because Pettengill would have to apply to the Township for a conditional use variance, which would have to be approved by the Township following a public hearing at which the Homeowners would have the opportunity to object.

By order dated February 7, 1997, the trial court dismissed Homeowners' petition for mandamus, reasoning that "[w]hile the Park ... may currently be considered a conditional use [due to the enactment of the 1993 Ordinance], Pettengill presented his plan for expansion prior to the 1993 Zoning Ordinance.... Therefore, the court will not grant a mandamus directing the supervisors to require an application for conditional use approval or a variance."

 On appeal to this Court, Homeowners argue that, since the Park has not yet been expanded, any expansion of the Park must take place in accordance with the 1993 Ordinance, which, according to Homeowners, converted the Park from a legal, non-conforming use (entitled to 100% expansion) to a conditional use (requiring application to the Township and a hearing prior to expansion).[4]

In *Pennridge Development Enterprises, Inc. v. Volovnik*, 154 Pa.Cmwlth. 609, 624 A.2d 674 (1993), an airport which was constructed in 1966 became a legal, non-conforming use following the passage of a zoning ordinance in 1970. In 1987, a second zoning ordinance was enacted reclassifying a portion of the airport as a conditional use. When the airport proposed to expand the rezoned portion in 1989, the court held that the rezoned portion was converted by the 1987 ordinance from a legal, non-conforming use into a conditional use.

In this case, Homeowners assert that, just as the airport in *Pennridge* was considered "rezoned" from non-conforming to conditional use by virtue of the 1987 ordinance, so too was Pettengill's Park "rezoned" from non-conforming use to conditional use by virtue of the 1993 Ordinance.

While Homeowners are correct in their assertion that the Park is now a conditional use because of the 1993 Ordinance, the trial court's reasoning is sound and Homeowners' case fails because, unlike the airport in *Pennridge*, where expansion was proposed *after* passage of the new zoning ordinance, the 4.31 acre expansion of Pettengill's Park was proposed by Pettengill and approved by the Township *before* the 1993 Ordinance was enacted.[5] Thus, expansion of the Park may proceed in accordance with the 1976 Ordinance, which provides for the right to expand by 100%. The trial court thus did not err in refusing to grant Homeowners' petition for a writ of mandamus.

Accordingly, the decision of the trial court is affirmed.

#### ORDER

AND NOW, this 28th day of October, 1997, the order of the Court of Common Pleas of Lycoming County in the above-captioned matter is hereby affirmed.

---

4. Homeowners' assertions that: (1) the Park currently consists of only 2.55 acres, not 4.31 acres; and (2) the Park has already been expanded sometime between 1976 and today are without merit, because there is evidence in the record to the contrary, and the trial court did not abuse its discretion or commit legal error in finding Pettengill's witnesses on these matters to be credible.

5. The Court notes that only the *Phase I* expansion of the Park, from 4.31 to 8.62 acres, may proceed in accordance with the 1976 Ordinance. Any further expansion (i.e., Phase II) must comply with the 1993 Ordinance.