James A. **SMITH,** Cyprian N. and Betty J. Gebhart, Appellants,

v.

The **ZONING HEARING BOARD OF CONEWAGO TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued April 13, 1998.
Decided June 29, 1998.

---

Judith Koper Morris, Hanover, for appellants.

Harold A. Eastman, Jr., Gettysburg, for appellee.

Before McGINLEY and FLAHERTY, JJ., and NARICK, Senior Judge.

FLAHERTY, Judge.

James A. Smith, Cyprian N. and Betty J. Gebhart, collectively Appellants, appeal from an order of the Court of Common Pleas of Adams County (trial court) which affirmed the decision of the Zoning Hearing Board of Conewago Township (Board). The Board ordered Smith to cease and desist from operating a skydiving business at an airport owned by the Gebharts, as it was not a use permitted in the Agricultural District. The Board also determined that Smith failed to obtain a building permit or a special exception for a mobile home placed on the airport property and used in connection with the skydiving business. We affirm.

In the spring of 1995, Smith leased land at the Hanover Airport which is owned by the Gebharts in order to conduct a skydiving business. Due to his expanding business, Smith placed a mobile home, intended to be used as an office, on the premises in July, 1995.

Thereafter, the zoning officer issued a notice to cease and desist.[1] The notice cited Appellants for moving the mobile home onto the property without securing a permit and for placing the mobile home in a Floodplain Conservation District without securing a special exception. The notice also cited Appellants for engaging in skydiving, a use not permitted either as of right or as an accessory use in the Agricultural residential District under Section 3.1.2 of the Conewago Township Zoning Ordinance (Ordinance). Appellants appealed the cease and desist order to the Board. They also challenged the validity of the Ordinance claiming that the Township is preempted by federal law from regulating

1. The zoning officer had previously issued a cease and desist order notifying Smith that he failed to obtain a permit for the mobile home and that a special exception was also required because the mobile home was in a Floodplain Conservation District. On September 12, 1995, Smith applied to the Board for a special exception to conduct his skydiving business. Thereafter, on October 13, 1995, Smith formally withdrew his request for a special exception.

conduct, including skydiving, at the airport. In the alternative, Appellants argued that skydiving is an accessory use to an airport, that skydiving is a pre-existing use not subject to Township regulation and that the Township is estopped from enforcing the Ordinance.

The Board determined that Appellants violated the Ordinance by failing to obtain a building permit and a special exception for the mobile home which was placed in the Floodplain Conservation District. In addition, the Board determined that federal law did not preempt the Township's ability to regulate skydiving use, that skydiving was not an accessory use to the airport and that the Township was not estopped from enforcing the provisions of the ordinance against Appellants. On appeal the trial court affirmed.

The first issue before us is whether the Township is preempted by federal law from enforcing its zoning ordinance as it relates to skydiving.

Appellants rely on *Blue Sky Entertainment, Inc. v. Town of Gardiner*, 711 F.Supp. 678 (N.D.N.Y.1989) "for the proposition that the Federal Aviation Authority [FAA] regulates airports and one of the uses of an airport and air space is parachuting and hence any regulation is solely within the auspices of the Federal Government." (Appellants' brief at 20.) In *Blue Sky*, the town adopted "Town Law 6" which purported to regulate many facets of small airports and parachute jumping centers. As to parachuting, Town Law 6 required that each jump be recorded in a log book, set restrictions on when, where and how jumps may occur, and prohibited jumps at night and over spectators. The Court determined that those sections dealing with parachute jumping were void because of conflict between Town Law 6 and federal regulations and "because of the pervasiveness of federal law in the area of parachute jumping." *Id.* at 694. Thus, Appellants maintain that Federal Law preempts the Townships ability to regulate parachute jumping at airports.

The Board points to the fact that in *Blue Sky,* counsel for the FAA when critiquing the propriety of Town law 6 stated that "[t]o the

extent the ordinance regulates land use in the Town of Gardiner, it is not preempted by federal regulation of aviation." *Id.* at 683. In this case, the Board maintains that contrary to *Blue Sky,* the Township is enforcing the location where skydiving occurs not skydiving itself. We agree.

Moreover, we agree that the FAA has deferred to local municipalities relative to land use regulation. In *Gustafson v. City of Lake Angelus,* 76 F.3d 778 (6th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 81, 136 L.Ed.2d 39 (1996), the City of Lake Angelus adopted a zoning ordinance which prohibited among other things, the operation of seaplanes on the surface of Lake Angelus. A seaplane pilot filed suit alleging that the ordinances were preempted by federal and state law. Although the district court found that the dictates of the FAA and the regulations enacted pursuant thereto implied that Congress intended that the designation of landing sites for seaplanes be preempted by federal law, the Court of Appeals for the Sixth Circuit disagreed. Although observing that the FAA has exclusive authority to regulate airspace over the U.S., the Court observed that the regulation of airspace over the U.S. is distinguishable from the regulation of the designation of plane landing sites, which involves local control over land or water use. "To conclude, there is a distinction between the regulation of the navigable airspace and the regulation of ground space...." *Id.* at 789.

The Sixth Circuit also distinguished *City of Burbank v. Lockheed Air Terminal, Inc.,* 411 U.S. 624, 93 S.Ct. 1854, 36 L.Ed.2d 547 (1973). In *Burbank,* the Supreme Court determined that because of the pervasive regulation of aircraft noise, the FAA, in conjunction with the Environmental Protection Agency has full control over aircraft noise. Thus, the City of Burbank could not use municipal curfews to impose noise regulations on aircraft operations. In contrast, the Sixth Circuit observed that the designation of plane landing sites was not pervasively regulated by federal law, but instead was a matter left primarily to local control. Likewise, we agree with the Board that in this case the location of the skydiving business is a matter

properly controlled by the local zoning ordinance as federal regulations do not regulate where skydiving is performed but instead regulate how it is performed.[2]

Next, we will address whether skydiving was a use at the airport prior to the adoption of the zoning ordinance and thus constitutes a non-conforming use.

■ Appellants appear to make two arguments as to non-conforming use. First, Appellants maintain that they have a vested right to maintain a skydiving business at the airport because skydiving occurred at the airport since its existence in 1969 until the "business was ceased due to an injunction issued by the Court." (Smith's brief at 24.) Appellants do not have a vested right to maintain the skydiving business, however, because even though it existed in 1969, it was later abandoned. Specifically, Mr. Gebhart testified that the skydiving lasted for only two or three years until he "shut the thing down." (R.R. at 63a.)[3] A lawful nonconforming use is a vested property right which cannot be abrogated or destroyed unless it is a nuisance, *or it is abandoned by the owner* or it is extinguished by eminent domain. *Pennridge Development Enterprises, Inc. v. Volovnik,* 154 Pa.Cmwlth. 609, 624 A.2d 674, 675 (1993). Here, the testimony shows that the Gebharts abandoned the skydiving use, which was non-conforming, when they ceased its operation in the early 1970's.

Secondly, although permitted by special exception, Appellants maintain that the airport is a non-conforming use because it was in existence before the adoption of the Ordinance. Appellants argue that skydiving is an accessory use to the non-conforming airport

and a use accessory to a non-conforming use has the same vested right to continue as is afforded to the main use.

■ We disagree with Appellants that the airport is a non-conforming use as Section 3.1.4.8 of the Ordinance permits such a use by special exception. In *Pennridge,* this court held that an airport which was originally a non-conforming use when the Township's ordinance first came into effect, became a conforming use when the district in which the property was located was reclassified to permit airports as conditional uses. [I]t would be illogical to conclude that Pennridge retains a nonconforming use to operate an airport, when Pennridge is permitted to operate an airport on its land under the Township's 1987 zoning ordinance. Hence ... [the] nonconforming use was converted by the Township's 1987 zoning ordinance into a permitted use." *Id.* 624 A.2d at 676. In this case, like *Pennridge,* the airport became a nonconforming use when the Township first adopted its ordinance. However, because the Ordinance now permits airports by special exception in the Agricultural Residential District, the airport is now a permitted rather than a non-conforming use.

As the airport is a use permitted by special exception, the next question that arises is whether a skydiving business is an accessory use to the airport. The Board maintains that, assuming arguendo, the airport is permitted to have an accessory use, Appellants failed to meet their burden of proof.[4] Section 15.3 of the Ordinance defines an accessory use as "a use or structure closely incidental or subordinate to the principal use of a

---

**2.** It should also be noted that unlike the cases cited, there is no ordinance in this case which regulates parachuting. Rather, the ordinance is wholly silent as to parachuting. Moreover, following Appellants' argument that local authorities have no authority to regulate the location of a parachute business, Appellants could locate their business in *any* district. Such an interpretation would lead to an absurd result.

**3.** There was also testimony at the hearing that the Adams County Court issued an injunction prohibiting skydiving at the airport. However, this injunction did not occur until 1978, long after the Gebharts decided to cease using the airport for skydiving.

**4.** The Board notes that although accessory uses are permitted in the district, the Ordinance only provides for accessory uses to uses permitted in the district. Thus, because the airport is a use permitted by special exception rather than a use permitted as of right, Board maintains that it is not permitted to have an accessory use. However, we note that a special exception is defined in 15.3 of the Ordinance as *"a use permitted* in a particular zoning district pursuant to the provisions of Articles VI and IX of the Pennsylvania Municipalities Code."* (emphasis added.)

building on the same lot and serving the same purpose customarily incidental to the use of the principal building or land use." The Board maintains that Smith had the burden of proving that his use meets the definition of an accessory use under the Ordinance, *Thomas v. Zoning Hearing Board of Benner Township,* 121 Pa.Cmwlth. 393, 550 A.2d 1045 (1988), and that his proposed use, a skydiving school, is customary, incidental and necessary to that use. *Ellis v. Zoning Hearing Board of Cornwall Township,* 131 Pa.Cmwlth. 633, 571 A.2d 541 (1990).

 As found by the Board, "[n]either Smith nor Gebhart presented any evidence consistent with their accessory use claim that Smith's skydiving business is one that would customarily be located at an airport site similar in size and location to the Hanover Airport." (Board's Finding of Fact No. 28.) As Appellants had the burden of proving that a skydiving school is customary and incidental to an airport, yet failed to present any evidence on this point, we agree with the Board that Appellants failed to meet their burden.

Finally, we disagree with Appellants' contention that the Township is estopped from enforcing the provisions of its zoning ordinance. Appellants maintain that the skydiving business commenced operation in the Spring of 1995 but it was not until December of 1995 that they received a cease and desist order. Appellants argue that because of this delay, the Township is estopped from enforcing the ordinance. However, as stated in *Center Township .v. Zoning Hearing Board of Center Township,* 104 Pa. Cmwlth. 487, 522 A.2d 673 (1987), mere delay in enforcement of zoning ordinance does not create a vested right to use property in violation of zoning regulations. The party asserting estoppel must show failure to enforce the law over a long period of time or some form of active acquiescence of illegal use, property owner's good faith throughout proceedings and property owner's innocent reliance evidenced by substantial expenditures. *Schuylkill Township v. Overstreet,* 107 Pa.Cmwlth. 492, 529 A.2d 551 (1987) *petition for allowance of appeal denied,* 517 Pa. 627, 538 A.2d 879 (1988). In this case,

Appellants have failed to prove any of the above factors.

Accordingly, as federal law does not preempt the ordinance and Appellants are not otherwise entitled to conduct a skydiving business, the order of the trial court is affirmed.

### *ORDER*

NOW, June 29, 1998, the order of the Court of Common Pleas of Adams County, No. 96–S–200, dated June 23, 1997, is affirmed.