## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester Water Authority,         :
               Appellant     :
                             :
        v.                   :
                             :
Kennett Township Zoning     :   No. 377 C.D. 2020
Hearing Board             :   Argued:  March 17, 2021

BEFORE:   HONORABLE P. KEVIN BROBSON, President Judge
                HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED:  June 25, 2021

Chester Water Authority (CWA) appeals from an order of the Court of Common Pleas of Chester County (trial court) affirming a decision of the Kennett Township Zoning Hearing Board (ZHB).  The ZHB concluded that CWA's proposed use of property in Kennett Township (Township) constitutes a "Public Use," and as such, it requires approval as a conditional use under the Township's Zoning Ordinance.[1]  Upon review, we affirm the trial court's order.

---

[1] TOWNSHIP OF KENNETT, PA., CODE OF ORDINANCES, ch. 240 (2019) (Zoning Ordinance).

# I. Background

CWA is a municipal authority formed in 1939 pursuant to the Municipal Authorities Act of 1935[2] (1935 MA Act). Reproduced Record (R.R.) at 292a; Brief of Appellant, Chester Water Authority (CWA Br.) at 18. CWA provides water service to customers in Chester and Delaware Counties. Opinion and Order, January 3, 2020 (Trial Ct. Op.) at 2 & 11.

CWA owns a 5.4-acre property in the Township (Property). Trial Ct. Op. at 2. In 1975, the ZHB granted CWA a special exception to maintain a pumping station on the Property. *Id.* at 3. In 1989, with approval for accessory uses, CWA added a booster station, an emergency generator in the booster station building, and a 1 million-gallon water tank on the Property. *Id.* at 3-4. CWA also maintains a meter pit, an altitude valve pit, a meter cabinet, and a macadam drive as ancillary features. R.R. at 291a.

At the time the ZHB granted the special exception in 1975, the Property was zoned Commercial and Industrial (CI Zone). Trial Ct. Op. at 2-3 & n.12. It is currently zoned Specialized Agriculture (SA Zone). *Id.* at 2.

In 2018, CWA submitted a proposal to the Township's Zoning Officer to construct on the Property an additional water tank with a 1.5 million-gallon capacity, a 5,250-square-foot parking garage, a 2-story administrative office building,[3] a new asphalt driveway, a fuel filling facility, and a bulk filling station. Trial Ct. Op. at 4. The proposal also included removal of the generator from the

---

[2] Act of June 28, 1935, P.L. 463, No. 191, repealed by 1945 Municipality Authorities Act, Act of May 18, 1945, P.L. 641, repealed and replaced by the Municipality Authorities Act, 53 Pa. C.S. §§ 5601-5623. We note that the ZHB does not concede the year of CWA's formation or the authorizing statute. However, contrary to CWA's argument, that issue is not critical to our decision.

[3] The office building proposal was later withdrawn. Trial Ct. Op. at 4 n.17.

2

booster station building and installation of a new emergency generator in a self-contained structure adjacent to the booster station building.[4] *Id.* at 11. CWA initially submitted its proposal assuming its status was that of a "Minor Public Utility Facility" under the Zoning Ordinance, as defined below. *Id.*

## A. Applicable Zoning Ordinance Definitions

Under the present Zoning Ordinance, the Property is located in the SA Zone. Trial Ct. Op. at 2. That zoning district allows several uses of potential relevance to the issues in this case.

Uses permitted by special exception in the SA Zone include a "Minor Public Utility Facility," which is defined as "an enclosed facility designed to provide limited utility services to the local community or part thereof and operated by a local municipality [or] a municipal authority organized by such municipality. . . . This definition includes . . . water and sewage pumping stations . . . ." Zoning Ord., §§ 240-201 & 240-1101B.(7).

Permitted conditional uses in the SA Zone include a "Public Use," defined as "any building, structure, facility, complex or area used by the general public or which provides a service to the public, whether constructed by a state, county, federal, municipal or governmental agency or authority other than that of Kennett Township." Zoning Ord., §§ 240-201 & 240-1101C.(6).

The Zoning Ordinance defines a "Nonconforming Use" as "a use . . . which does not comply with the applicable use regulations of the district in which the activity occurs . . . where such use was lawfully in existence prior to the

---

[4] CWA separately requested a dimensional variance to exceed the lot coverage limitation, which was approved. Trial Ct. Op. at 2 n.7. In November 2019, this Court affirmed that approval in *Richard Stat and Randall F. Bishop v. Kennett Township Zoning Hearing Board* (Pa. Cmwlth., No. 888 C.D. 2018, filed Nov. 7, 2019).

enactment of such ordinance or amendment or as a result of action by the [ZHB]." Zoning Ord., § 240-201.

A permissible "Accessory Use, Building or Structure" is defined by the Zoning Ordinance as "a use, building or structure on the same lot with, and of a nature customarily incidental and subordinate to the principal use, building or structure." Zoning Ord., § 240-201.

Also of significance here, the Zoning Ordinance defines an "authority" as a municipal authority created under the Municipality Authorities Act of 1945 (1945 MA Act)[5] or its successor. Zoning Ord., § 240-201. Thus, assuming CWA was created under the 1935 MA Act, it is not within the definition of an "authority" under the express language of the Zoning Ordinance.[6]

**B. Zoning Officer Determination**

In February 2018, the Township's Zoning Officer provided a letter determination on CWA's proposal. R.R. at 291a-93a. The Zoning Officer first opined that CWA does not qualify as a "Minor Public Utility Facility." *Id*. at 292a. Because CWA provides water service in both Chester and Delaware Counties, the Zoning Officer reasoned that CWA's services are not limited "to the local community" as required by the definition of a "Minor Public Utility Facility" under the Zoning Ordinance. *Id.*

---

[5] Act of May 2, 1945, P.L. 382 (1945 MA Act), *as amended*, *formerly* 53 P.S. §§ 301-322, repealed by Section 3 of the Act of June 19, 2001, P.L. 287. Section 1 of the Act of June 19, 2001, enacted most of the consolidated Municipality Authorities Act, 53 Pa. C.S. §§ 5601-5623.

[6] However, in Section 5602 of the consolidated Municipality Authorities Act, an "authority" is defined as including any municipal authority created under the 1935 MA Act, as well as under later versions. 53 Pa. C.S. § 5602.

The Zoning Officer further determined that the proposed improvements to the Property would be accessory uses to the primary use as a "Pennsylvania Municipal Authority,"[7] which she concluded was an existing nonconforming use. R.R. at 293a. The Zoning Officer opined that the proposed additions were ancillary structures that would not change the existing use and, therefore, would be permissible without the need for a special exception or other relief. *Id.* Accordingly, the Zoning Officer reasoned that the proposed additions would require only a building permit, if otherwise in compliance with the lot coverage limitations and the requirements of Zoning Ordinance § 240-2402.A, governing expansions of use.[8] R.R. at 293a.

**C. ZHB Decision**

The owners of two nearby properties, Richard Stat and Randall F. Bishop[9] (collectively, Neighbors), appealed the Zoning Officer's determination to the ZHB. R.R. at 285a-86a. Neighbors asserted that the current and proposed use of the Property is either a nonconforming "Public Utility Use" or a "Public Use" as defined in the Zoning Ordinance. *Id.* at 286a. Neighbors also contended "that the existing and proposed facilities, by definition, collectively constitute the principal

---

[7] The Zoning Ordinance does not define or otherwise refer to a "Pennsylvania Municipal Authority" use. *See* ZHB Op., Finding of Fact (F.F.) 30.

[8] Expansions must conform to area and bulk requirements and design standards of the Zoning Ordinance, are limited to the same lot as the existing use, may not increase the volume or area of the lot use by more than 50% of the area in use when that use became nonconforming, and may not be expanded to displace a conforming use. Zoning Ord., § 240-2402.A.

[9] Mr. Bishop subsequently died and his estate was substituted as a party. Trial Ct. Op. at 1 n.1.

5

use of the [P]roperty and therefore are not accessory structures subordinate to the principal use of the [P]roperty." *Id.*

The ZHB stated that the Property is currently closed to the public and CWA staff visit only periodically to monitor operations and maintenance. ZHB Op., Finding of Fact (F.F.) 19. However, the proposed additions would move CWA's storage and maintenance of vehicles and equipment from the Borough of Kennett Square and the City of Chester to the Property. F.F. 20-22. This would result in use of the Property for public access, daily truck and construction equipment traffic, dispatch of emergency crews at any time of the day or night, provision of bulk water to fire companies and landscape operators at the proposed filling station, and provision of fuel to CWA's vehicles and construction equipment. F.F. 23-25.

The ZHB observed that the use provisions of the Zoning Ordinance do not refer to the "[M]unicipal [A]uthority [U]se" the Zoning Officer found applicable. F.F. 30. Based on its findings as set forth above, the ZHB concluded that "[t]he scope of the proposed improvements and functions at the Property is not a mere expansion of the pump station use which was approved in 1975. Rather, it is a new use of the Property." F.F. 31. Further, the ZHB found that "[t]he proposed facilities and the proposed activities on the Property constitute a Public Use within the definition of the [Zoning Ordinance]." F.F. 32. Finally, the ZHB determined "[t]he proposed buildings and facilities are not accessory to the proposed Public Use. Rather, they are part of the proposed Public Use." F.F. 34.

The ZHB concluded that the proposed use "fits within the scope of a permitted [conditional] use" in the SA Zone. ZHB Op. at 8. The ZHB opined that the proposed improvements

> will enable CWA, as a Municipal Authority, to provide
> potable water to both existing and also future customers in

6

southern Chester County and not just to Kennett Township and the three adjoining municipalities. Also, the proposed complex will enable the Municipal Authority to carry on the operations and functions related to the southern Chester County service area which CWA now does from its headquarters and operations center in the City of Chester. As such, the Municipal Authority will be providing "a service to the public"; that is, CWA will be conducting a "Public Use" at the Property.

*Id.* at 8-9. Accordingly, the ZHB reversed the Zoning Officer's determination of a permissible accessory to a preexisting nonconforming use. Instead, the ZHB concluded that the proposed use of the Property is a Public Use, which is permitted as a conditional use in the SA Zone. *Id.* at 9.

### D. Trial Court Decision

Rather than pursuing a conditional use permit, CWA elected to appeal the ZHB's decision to the trial court, which decided the appeal on briefs and argument, without taking additional evidence. Trial Ct. Op. at 6 n.21. The trial court agreed with the ZHB that the current and proposed use of the Property does not constitute a Minor Public Utility Facility. *Id.* at 11-12. As set forth above, the Zoning Ordinance defines a "Minor Public Utility Facility," in pertinent part, as "an enclosed facility designed to provide limited utility services to the local community or part thereof and operated by a local municipality [or] a municipal authority organized by such municipality . . . ." Zoning Ord., § 240-201. The trial court concluded the current and proposed use of the Property does not constitute a Minor Public Utility Facility for two reasons. First, because the Property provides service to multiple municipalities in two counties, the trial court reasoned that service is not

7

limited to "the local community."[10]  Trial Ct. Op. at 11.  Second, the trial court observed that CWA is not a "local municipality,[11] or a municipal authority organized by Kennett Township."  *Id.* at 11-12.

The trial court also agreed with the ZHB that the current and proposed use of the Property constitutes a Public Use.  The Zoning Ordinance defines a "Public Use" as "any building, structure, facility, complex or area used by the general public or which provides a service to the public, whether constructed by a state, county, federal, municipal or governmental agency or authority other than that of Kennett Township."  Zoning Ord., § 240-201.  The trial court concluded this definition fits the proposed use of the Property, in that the existing and proposed additional facilities, "viewed as a whole, are . . . consistent with the definition of a Public Use."  Trial Ct. Op. at 12.

Because a Public Use is permitted as a conditional use in the SA Zone, the trial court agreed with the ZHB's conclusion that CWA's proposed use of the Property is permitted as a conditional use.  *See* Trial Ct. Op. at 10, 15 & 16.  Noting the change in zoning of the Property from the CI Zone to the SA Zone, the trial court observed that a change in zoning can convert a nonconforming use to a permitted use.  Trial Ct. Op. at 12 & 14-15 (citing *Smith v. Zoning Hearing Bd. of Conewago Twp.*, 713 A.2d 1210, 1213 (Pa. Cmwlth. 1987); *Pennridge Dev. Enters. v. Volovnik*, 624 A.2d 674, 676 (Pa. Cmwlth. 1993)).  Therefore, CWA's proposed use of the Property, which constituted a nonconforming use when the Property was zoned in the CI Zone, became a permitted conditional use when the Property was rezoned as part of the SA Zone.  Trial Ct. Op. at 10 & 15.  Accordingly, the trial court concluded

---

[10] The Zoning Ordinance does not define the term "local community."

[11] The Zoning Ordinance defines the term "Municipality" as Kennett Township.  Zoning Ord., § 240-201.

8

that CWA's proposed use of the Property would require a conditional use application. *Id.* at 15 (citing *Pennridge*).

The trial court also rejected CWA's argument that the Zoning Ordinance is ambiguous and must be construed to favor CWA's use of the Property. Trial Ct. Op. at 15-16. The trial court found the Zoning Ordinance was not ambiguous and was not rendered ambiguous simply by CWA's disagreement with the ZHB's interpretation of its provisions. *Id.* at 16. In addition, the trial court concluded that designating a use as conditionally permitted is less restrictive than designating it as nonconforming. *Id.* Therefore, even if the Zoning Ordinance were ambiguous, construing its provisions to allow CWA's proposed expansion as a conditionally permitted use would be a construction that would favor, rather than restrict, CWA's use of the Property. *See id.*

Based on its legal analysis, the trial court denied CWA's appeal and affirmed the ZHB's decision. Trial Ct. Op. at 1 & 17. CWA then appealed to this Court.

## II. Discussion

### A. Public Use

On appeal,[12] CWA asserts that its use of the Property does not fit the Zoning Ordinance's definition of a Public Use. As set forth above, a Public Use includes one "constructed by a state, county, federal, municipal or governmental

---

[12] Where the trial court does not take additional evidence, our review of a zoning decision is limited to determining whether the ZHB committed an abuse of discretion or an error of law. *Sabatini v. Zoning Hearing Bd. of Fayette Cnty.*, 230 A.3d 514, 519 n.5 (Pa. Cmwlth. 2020) (citing *Hamilton Hills Grp., LLC v. Hamilton Twp. Zoning Hearing Bd.*, 4 A.3d 788, 792 n.6 (Pa. Cmwlth. 2010)). Whether a proposed use falls within a given category of a zoning ordinance is a question of law. *Sabatini*, 230 A.3d at 519 n.5 (citing *Galzerano v. Zoning Hearing Bd. of Tullytown Borough*, 92 A.3d 891, 894 (Pa. Cmwlth. 2014)).

agency or authority other than that of Kennett Township." Zoning Ord., § 240-201. CWA argues it is not an "authority" as defined in the Zoning Ordinance, because it was created under the 1935 MA Act rather than the 1945 MA Act or any successor. CWA Br. at 18-19. CWA posits that because it is not an "authority" under the Zoning Ordinance, its use of the Property cannot be a Public Use.[13] CWA Br. at 19.

However, CWA conceded at oral argument that it failed to raise this issue before either the ZHB or the trial court. To the contrary, in fact, CWA took the position before the trial court, in both its proposed conclusions of law and its supporting brief, that it *is* an authority under the Zoning Ordinance. Accordingly, this argument has not been preserved for review by this Court. *See* Section 753(a) of the Local Agency Law, 2 Pa. C.S. § 753(a) ("if a full and complete record of the proceedings before the agency was made [a] party may not raise upon appeal any other question not raised before the agency"); Pa. R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); *In re Petition to Set Aside Upset Tax Sale*, 218 A.3d 995, 998 (Pa. Cmwlth. 2019) (issue not raised before the trial court was waived); *Korsunsky v. Hous. Code Bd. of Appeals*, 660 A.2d 180, 184 (Pa. Cmwlth. 1995) (party waives any issue not raised before local agency adjudicating dispute).

Moreover, even had CWA properly preserved this argument, we would reject it. A Public Use under the Zoning Ordinance includes the use of property not only by an authority, but by other entities, including a "governmental agency." Zoning Ord., § 240-201. The Zoning Ordinance does not define that term, but the Judicial

---

[13] However, as discussed in Section B at page 12, *infra*, CWA conceded at oral argument that if its use of the Property constitutes a Public Use, then it is a conditional use rather than a nonconforming use.

Code defines a "[g]overnment agency" as including "any political subdivision or *municipal or other local authority . . . .*"[14] 42 Pa. C.S. § 102 (emphasis added).

The Statutory Construction Act of 1972 defines a "[m]unicipal authority" as a "body corporate and politic created pursuant to the [1935 MA Act] or to the [1945 MA Act]."[15] 1 Pa. C.S. § 1991. Thus, as a "municipal authority" under the Statutory Construction Act, CWA is a "governmental agency" under the Zoning Ordinance, regardless of whether it is an "authority" as defined therein. *See* Zoning Ord., § 240-201. Accordingly, because the definition of a Public Use includes uses by both authorities and governmental agencies, the trial court correctly concluded that CWA's use of the Property is a Public Use.[16]

---

[14] Pennsylvania courts apply the principles contained in the Statutory Construction Act of 1972, 1 Pa. C.S. §§ 1501-1991, in construing municipal ordinances. *Steeley v. Richland Twp.*, 875 A.2d 409, 413-14 (Pa. Cmwlth. 2005) (additional citations omitted); *see also SPTR, Inc. v. City of Philadelphia*, 150 A.3d 160, 168 n.4 (Pa. Cmwlth. 2016) (rules of statutory construction also apply to ordinances). Where a word or phrase is not defined in an ordinance but has acquired a specific or appropriate meaning under a statute – here, the Judicial Code – or is defined by the Statutory Construction Act, the word or phrase is construed according to that specific appropriate meaning. *Lynch v. Hook*, 444 A.2d 157, 159 (Pa. Super. 1982).

[15] *See supra* note 13.

[16] CWA also contends that the trial court erred by suggesting deference should be given to the ZHB's construction of the Zoning Ordinance, even though the trial court did not find the Zoning Ordinance was ambiguous. CWA Br. at 20-21. According to CWA, the trial court should not have deferred to the ZHB in the absence of an ambiguity. *Id.* at 21 (citing 1 Pa. C.S. § 1921(c) (when statutory language is not explicit, legislative intent may be determined by considering, *inter alia*, legislative and administrative interpretations)); *Fed. Deposit Ins. Corp. v. Bd. of Fin. & Revenue*, 84 A.2d 495, 499 (Pa. 1951) (citing 1 Pa. C.S. § 1921(c)(8); *Reihner v. City of Scranton Zoning Hearing Bd.*, 176 A.3d 396, 400 (Pa. Cmwlth. 2017) (unclear language in zoning ordinance is construed in favor of the property owner and against use restrictions)). Because we conclude the trial court's decision was correct as a matter of law, without regard to whether it deferred to the ZHB's reading of the Zoning Ordinance, we reject this argument.

**B. Conditional or Nonconforming Use**

Next, CWA contends the trial court erred by concluding that CWA's proposed use of the Property is a permitted conditional use, rather than an expansion of a nonconforming use. However, CWA's argument on this issue was premised on its position that its use of the Property is not a Public Use under the Zoning Ordinance. Notably, at oral argument before this Court, CWA repeatedly conceded that if its current and proposed use of the Property constitutes a Public Use, then it is no longer a nonconforming use, but rather, a permitted conditional use, and CWA is no longer entitled to avail itself of any legal protections arising from its prior nonconforming use status. *See also* CWA Br. at 23 (asserting that CWA's use of the Property is a nonconforming use because it is not a Public Use). In light of our conclusion that the current and proposed use is a Public Use, CWA's concession forecloses its argument that the use is nonconforming rather than conditional.

Critically, CWA further conceded, and indeed stressed, that if its current and proposed use is a Public Use and, therefore, a conditional use, CWA must submit a conditional use application for its proposed construction. Thus, the parties do not disagree on that issue, and accordingly, we take no position on it. CWA's additional concession eliminates any possible argument by CWA that it has a right to construct improvements as a permitted expansion of an existing nonconforming use. Therefore, we need not address that argument further in this case.

**III. Conclusion**

CWA has failed to preserve its argument that it is not an authority as that term is defined in the Zoning Ordinance. Because that argument was the

12

premise for CWA's position that its use of the Property is not a Public Use under the Zoning Ordinance, we conclude that issue was waived. In any event, this Court agrees with the trial court's conclusion that the current and proposed use of the Property constitutes a Public Use under the Zoning Ordinance.

CWA agrees with the ZHB that if its use is a Public Use, the proposed improvements constitute a conditionally permitted use, not an expansion of an existing nonconforming use. Accordingly, we affirm the trial court's order.

_____
CHRISTINE FIZZANO CANNON, Judge


Judge Crompton did not participate in this decision.

Chester Water Authority,
           Appellant

        v.

Kennett Township Zoning
Hearing Board

:       No. 377 C.D. 2020

# O R D E R

AND NOW, this 25th day of June, 2021, the order of the Court of Common Pleas of Chester County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge