540 A.2d 8

Norman Berman, Appellant *v.* Manchester Township Zoning Hearing Board, Appellee.

340

Argued February 22, 1988, before Judges MACPHAIL and COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Peter D. Solymos, Kagen, Griffith, Strickler, Lerman & Solymos,* for appellant.

*William B. Anstine, Jr., Anstine & Anstine,* for appellee.

OPINION BY JUDGE MACPHAIL, April 14, 1988:
Norman Berman (Appellant) appeals an order of the York County Court of Common Pleas which affirmed a

decision of the Manchester Township Zoning Hearing Board (Board) to deny Appellant's request for a special exception. We affirm.

Appellant owns a 76.7 acre parcel of land along Greenbriar Road in Manchester Township, York County, located partially in an R-1 (residential) zone and partially in an A (agricultural) zone. He applied for a special exception from the Board, pursuant to the Manchester Zoning Ordinance (Ordinance), to construct 93 structures on the property, each containing two dwelling units. Following public hearings before the Board on June 4, 1986 and July 2, 1986, the Board denied Appellant's application based on the following Ordinance provision:

> SECTION 1425. General Standards for Special Exceptions. . . . The Board shall make the following findings, in writing, when relevant in a given case, either from the evidence presented at the hearing, or from a study and report prepared by the Planning Commission, the Township Engineer, or other competent technical consultants:
>
> . . . .
>
> C. That the grant of the special exception shall not materially increase traffic congestion in the roads and highways. . . .

Appellant appealed the Board's decision, and the common pleas court directed the Board to file more specific findings of fact on the failure of the special exception application to satisfy the Ordinance requirements. The Board issued additional findings of fact on the increase in traffic that would result from Appellant's proposed development, and concluded that the increase would be material and significant and would represent a serious safety problem along Greenbriar Road.

In an opinion and order entered April 8, 1986, the common pleas court affirmed the Board's decision, con-

cluding that its action was in compliance with the Ordinance. Appellant's appeal of this order is now before our Court.

The sole issue before us is whether the common pleas court erred in affirming the denial of Appellant's application for special exception based on an anticipated increase in traffic. The scope of this Court's appellate review, in a case such as this where the common pleas court has taken no additional testimony, is limited to a determination of whether the Board committed a manifest abuse of discretion or an error of law. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983). We may conclude that the Board abused its discretion only if its findings are not supported by substantial evidence. *Id.*

An applicant for a special exception bears the burden of proving that the request complies with all objective requirements of the zoning ordinance. *M.G.H. Enterprises Appeal*, 85 Pa. Commonwealth Ct. 68, 480 A.2d 394 (1984). In this case, the only requirement with which Appellant has not complied is the condition in Section 1425C of the Ordinance that his proposed development will not "materially increase traffic congestion."

The Board's findings of fact regarding traffic congestion include the following:

21. The applicant's traffic survey indicates 2,273 vehicles travel Greenbriar road on a daily basis and that the applicant's proposed development would generate an additional 975 vehicles per day.

. . . .

29. The Board accepts as a fact, the statistics resulting from the York County Planning Commission Study which was based, in part, on the trip generation report (3rd edition) in 1983

which estimated an increase of over 1,800 trips per day. A projection of fewer trips which had been suggested by the applicant's traffic engineer, was not accompanied by any reference to the study it was based on and was rejected as unsubstantiated and therefore, the Board did not rely on the figures referred to in finding of fact # 21.

30. The Board accepts as fact, the most recent traffic count figures presented by Grove Engineering showing average weekday traffic on Greenbriar Road as 2,273 vehicles per day.

31. The increase in traffic on a daily basis as set forth in the report from the York County Planning Commission would result in an increase of over 1,800 trips per day. This would result in an increase of 79%. . . . This will create too great an impact on Greenbriar Road and on the intersections with Church Road, U.S. Route 30 and Roosevelt Avenue.

In making its findings of fact and concluding, as a matter of law, that the 79% increase in traffic was material and significant, the Board relied on the opinion of the planning commission over the testimony of Appellant's engineer. The Board, as factfinder, has the power to reject the testimony of an expert witness, and we will not disturb its findings on appeal except for abuse of discretion. *Graham v. Zoning Hearing Board of Upper Allen Township,* 99 Pa. Commonwealth Ct. 585, 514 A.2d 236 (1986). Despite Appellant's argument to the contrary, we find no abuse of discretion in the Board's credibility determination in favor of the planning commission's testimony and conclude that the Board's findings are otherwise supported by substantial evidence.

Appellant argues, in addition, that the Board erred as a matter of law in denying the special exception

based solely on the anticipated increase in traffic congestion. In so arguing, Appellant relies on the decision of our Supreme Court in *Archbishop O'Hara's Appeal*, 389 Pa. 35, 131 A.2d 587 (1957), wherein it was stated:

> It is not *any* anticipated increase in traffic which will justify the refusal of a 'special exception' in a zoning case. The anticipated increase in traffic must be of such character that it bears a *substantial* relation to the health and safety of the community. A prevision of the effect of such an increase in traffic must indicate that not only is there a likelihood but a high degree of probability that it will affect the safety and health of the community, and such prevision must be based on evidence sufficient for the purpose.

*Id.* at 54, 131 A.2d at 596 (emphasis in original). *See also Appeal of Martin*, 108 Pa. Commonwealth Ct. 107, 529 A.2d 582 (1987); *Kern v. Zoning Hearing Board of the Township of Tredyffrin*, 68 Pa. Commonwealth Ct. 396, 449 A.2d 781 (1982).

We agree with the common pleas court, however, that *Archbishop O'Hara's Appeal* and other cases cited by Appellant do not involve ordinances with language as specific as that contained in Section 1425C. As noted in the trial court's opinion, the Board's discretion to grant or deny a particular use is limited by the standards set forth in the Ordinance. *Archbishop O'Hara's Appeal.* Section 1425C explicitly provides that a special exception must not materially increase traffic congestion. The Board found, and we have concluded already that this finding is supported by substantial evidence, that Appellant's proposed development would materially increase traffic congestion along Greenbriar Road.

We conclude that the Board did not err in denying Appellant's special exception based on Section 1425C,

and, therefore, we will affirm the common pleas court's decision.

ORDER

The order of the Court of Common Pleas of York County in the above-captioned proceeding is hereby affirmed.