572 A.2d 855

**TOWNSHIP OF BIRMINGHAM, Appellant,**

**v.**

**CHADDS FORD TAVERN, INC. and Zoning Hearing Board of Township of Birmingham, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 11, 1989.

Decided April 4, 1990.

314

Denis M. Dunn, with him, Edward J. Carney, Jr., Petrikin, Wellman, Damico, Carney & Brown, Media, for appellant.

Stephen J. Polaha, with him, Francis T. Sbandi (Eckell, Sparks, Levy, Auerbach, Monte & Moses, Media of counsel), for appellees.

Before COLINS and McGINLEY, JJ., and NARICK, Senior Judge.

COLINS, Judge.

This is an appeal by the Township of Birmingham (Township) of an opinion and order of the Court of Common Pleas of Delaware County dated January 10, 1989, which denied the Township's appeal and affirmed the decision of the Zoning Hearing Board of Birmingham Township (Board).

Chadds Ford Tavern, Inc. (Chadds Ford), is the owner of a restaurant and tavern business located on Route 1 in the Township (property). The property is currently zoned R–2 District (residential) established by Ordinance No. 64, enacted December 30, 1985. Prior to that time, the property was zoned B District (business) pursuant to the Zoning Code of Birmingham Township, Ordinance No. 3, enacted April 16, 1951 and later adopted on August 13, 1980 as part of the Code of Ordinances of the Township of Birmingham, Delaware County, Pennsylvania (Ordinance). The present use

of the property is a nonconforming use, a tavern which has been operating at that location since 1933.

Chadds Ford filed an application with the Board for a special exception to expand its nonconforming use and a variance from the zoning requirement found in Section 12.36(e) of the Ordinance, which specifies that the sideyard be a minimum of forty feet. The Board granted both the special exception and the variance, and imposed five conditions. The Township appealed to the trial court, which denied the appeal and affirmed the decision of the Board. The Township appeals.

Since the trial court took no additional testimony, our scope of review is limited to a determination of whether the Board committed a manifest abuse of discretion or an error of law. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). The Board abuses its discretion if its findings are not supported by substantial evidence. *Id.*

The Township first argues that the Board abused its discretion or erred as a matter of law when it granted a special exception to Chadds Ford, because Chadds Ford failed to prove that its proposed addition would be in compliance with the objective requirements contained in the Ordinance. An applicant has the burden of proving that its request for a special exception complies with the objective requirements of the zoning ordinance. *Berman v. Manchester Township Zoning Hearing Board,* 115 Pa. Commonwealth Ct. 339, 540 A.2d 8 (1988), *petition for allowance of appeal denied,* 520 Pa. 619, 554 A.2d 511 (1989). Once an applicant has met the ordinance requirements for a special exception, it is properly granted unless the evidence shows substantial injury to the public interest. *Jenkintown Towing Service v. Zoning Hearing Board of Upper Moreland Township,* 67 Pa. Commonwealth Ct. 183, 446 A.2d 716 (1982).

Section 12.121(h) of the Ordinance provides:

A building used for a non-conforming use shall not be enlarged and a non-conforming use shall not be extended

except that, when approved by the Zoning Hearing Board, a building may be enlarged by a maximum of twenty-five percent (25%) of its cubical contents at the time that this Ordinance becomes effective and a non-conforming use may be extended by a maximum of twenty-five percent (25%) of the use existing at the time that this Ordinance becomes effective, provided, however, that any such enlargement of a building or extension of a use shall conform with all the regulations of this Ordinance except as to the non-conforming use and shall extend beyond the lot or premises held in single and separate ownership on the date that this Ordinance becomes effective, on which such non-conforming use existed at the effective date of this Ordinance. . . .

■ The Township argues that the proposed addition will violate the Ordinance in two ways: (1) it exceeds the 25% limitation on expansion; and (2) it would reduce the already nonconforming twenty foot sideyard to less than ten feet. Moreover, the Township asserts that the Board did not have sufficient evidence to determine the cubical contents of the addition, which was necessary to its decision.

The Board made the following pertinent findings of fact and conclusions of law:

*Findings of Fact:*

6. The present building consists of approximately 3,750 square feet. Initially, there was 2,250 square feet, however, in 1979, an addition was placed in the rear of the factility [sic] to bring it to the present size. There is a basement of approximately 15 × 20 feet in which there is some storage and a heater. At the present time, as a result of the lack of storage, applicant uses a truck which he parks along side of the building to the rear for a [sic] additional storage.

. . . .

8. Applicant proposes an addition of an area 10 feet by 47 feet, which is 470 square feet, to be used for an

expansion of kitchen facilities, office, employee washroom and additional storage. This additional storage would then eliminate the need for the truck. It would also facilitate the delivery of food to the premises. (Testimony 32, 33).

26. Birmingham Township Zoning Ordinance, Section 12.121(h), allows by special exception of the Zoning Hearing Board, an enlargement of a non-conforming use by 25 percent and the enlargement of a building by 25 percent.

27. That the expansion of the premises by 470 square feet is less than 25 percent of the present building size of 3,750 square feet.

*Conclusions:*

3. That since December 30, 1985, the present use is non-conforming, however, the expansion of 470 square feet is within the allowable expansion of 25 percent permitted pursuant to Birmingham Township Ordinance, Section 12.121(h).[1]

The Board makes no reference to cubic measurements. However, the proposed addition is one story in height with a roof line at the same elevation as the existing roof line, which is twelve feet. Therefore, the cubical contents of the proposed addition would be twelve feet by 470 square feet, or 5,640 cubic feet and the cubical contents of the existing building is twelve feet by 3,750 square feet, or 45,000 cubic feet. Hence, the addition would represent approximately 12.5% of the existing structure which obviously would meet the maximum physical expansion permitted under the ordinance.

1. The Township points out that the Board did not consider either the existing or proposed basement areas in reaching its decision. The present building contains a basement providing an additional area of 300 square feet. The proposed addition would also contain a basement, which would provide an additional 470 square feet. Including the basement areas, the present building contains 4,050 square feet and the proposed addition would contain a total of 940 square feet, which clearly is well within the maximum allowable physical increase of 25%.

■ The Township's argument that the additional side-yard encroachment prevents compliance with the Ordinance and, therefore, the Board's decision to grant the special exception must be reversed on that basis is without merit. When seeking to expand a nonconforming use beyond the ordinance dimensional limitations, the proper procedure is to apply for a variance, which Chadds Ford did. Accordingly, we hold the Board properly granted the special exception.

■ The Township additionally argues that implicit in the trial court's opinion is a finding that Chadds Ford was entitled to a variance relating to the cubic measure limitation in the ordinance, as well as the sideyard limitation, a power which it argues the lower court did not possess. The Township's argument has no merit because (1) mindful of our scope of review, we are reviewing the Board's decision, which the trial court affirmed; and (2) Chadds Ford's request for a variance and the Board's grant of same were *solely* with respect to the sideyard limitation.

■ Finally, the Township argues that the Board abused its discretion or committed an error of law in granting a variance to Chadds Ford because Chadds Ford proved only economic and not unnecessary hardship and failed to prove that the variance would not adversely affect public health, safety and welfare. In order to qualify for a variance, Chadds Ford needs to establish that: (1) an unnecessary hardship will result if the variance is denied, due to unique physical circumstances or conditions of the property; (2) because of such physical circumstances or conditions the property cannot be developed in strict conformity with the provisions of the zoning ordinance and a variance is necessary to enable the reasonable use of the property; (3) the hardship is not self-inflicted; (4) granting the variance will not alter the essential character of the neighborhood nor be detrimental to the public welfare; and (5) the variance

sought is the minimum variance that will afford relief.[2]

The applicant in *Jenkintown* operated a valid nonconforming vehicle towing and repair business and requested a variance to construct an addition to accommodate its expanded business. Therein, Judge Craig applied the variance criteria to a nonconforming use expansion situation stating: "[t]he nonconforming use variance decisions have uniformly assumed, with little or no discussion, the existence of 'unique physical . . . conditions,' necessarily indicating that the pre-existing nonconforming use itself constitutes the physical 'circumstances' which, apart from other lot or land characteristics, make the property uniquely differently from others in the district." 67 Pa. Commonwealth Ct. at 191, 446 A.2d at 720.

To establish the hardship requirement, an applicant must prove that the variance was essential to the continued viability of its business. *Id.* The non-expansion of a nonconforming use is not, in and of itself, sufficient to constitute a hardship. *Id.* Judge Craig observed that our analysis of this requirement "requires a finding that, in the face of the ordinance restrictions, the expansion or modernization . . . must be a matter of necessity for the business rather than merely to take advantage of an increase in business." *Id.*, 67 Pa.Commonwealth Ct. at 199, 446 A.2d at 724.

The Board, in the instant matter, made no such finding. Moreover, Chadds Ford presented no evidence to show that its continued existence is threatened if the variance is not granted. The evidence presented merely shows that Chadds Ford, by building the proposed addition, will be able to take advantage of the normal increase of the business. There was testimony from Richard Jensen, Birmingham Township Zoning Officer and building inspector, who is also a builder and developer, that in his opinion it would be reasonable and practical, as well as more desirable, to accomplish the proposed expansion by utilizing the current

**2.** Section 912 of The Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended, formerly* 53 P.S. § 10912, repealed by the Act of December 21, 1988, P.L. 1329. A similar provision is now found in Section 910.2 of the Code, 53 P.S. § 10910.2.

structure with an addition in the rear of the building, thereby not having to encroach further on the sideyard requirement.

The Township expressed the concern that if this expansion is permitted and the variance granted, the existing twenty foot sideyard would be reduced to nine feet, making it impossible for firefighting trucks and equipment to be brought in on that side of the building. Mr. Jensen testified that this reduced sideyard could result in a spread of fire from the Chadds Ford property to the adjoining Griffith property. Chadds Ford presented no evidence to the contrary.

We are constrained to conclude that the findings and evidence do not support the Board's granting of the variance and will, therefore, reverse that portion of the trial court's order.

## ORDER

AND NOW, this 4th day of April, 1990, the order of the Court of Common Pleas of Delaware County is affirmed insofar as it relates to the granting of a special exception to Chadds Ford Tavern, Inc. That portion of the order affirming the Board's grant of a variance to Chadds Ford Tavern, Inc. is reversed.